UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JUDY ARLENE REDMOND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| ) | Case No. 1:24-CV-38-ACL |
| PAUL HOPKINS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This action is before the Court on Defendants' Motion to Dismiss. (Doc. 14.) Also pending is Plaintiff's Motion for Leave to File Amended Complaint (Doc. 19) and Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 23). This matter is fully briefed and ripe for disposition.

**I.    Background**

On March 1, 2024, Plaintiff Judy Arlene Redmond filed her pro se Complaint under Title VII of the Civil Rights Act of 1964 ("Title VII") against Denis McDonough, Secretary of Veterans Affairs ("Secretary McDonough"); Paul Hopkins; Rebecca Wertenberger; James Monahan; Jeffery Serrano; and Wanda Newton. (Doc. 1.) Redmond alleges that she was denied reasonable accommodations for her physical and mental disabilities during her employment as a purchasing agent for the United States Veterans Affairs.

On July 8, 2024, Defendants filed a Motion to Dismiss, in which they argue the Court should dismiss Redmond's action in its entirety for several reasons. First, Defendants contend that this Court lacks personal jurisdiction because Plaintiff failed to properly serve any of the

1

Defendants.  Second, Defendants argue that the Complaint fails to state a claim upon which relief can be granted under Title VII, because there are no allegations that Redmond was discriminated against on the basis of her race, color, religion, sex, or national origin.  Finally, Defendants argue that dismissal is required because Redmond failed to exhaust her administrative remedies.

Redmond filed a Response in opposition to Defendants' Motion to Dismiss.  (Doc. 18.) On the same date, she filed a Motion to Amend her Complaint.  (Doc. 19.)  Redmond claims that the proposed Amended Complaint indicates the capacity in which the Defendants are being sued, provides more details about Defendants' alleged actions, and sets forth "ongoing evidence showing that the issue is of a continuing nature." *Id.* at 2.  Defendants oppose Redmond's Motion to Amend, arguing that the proposed amendments fail to rectify any of the alleged deficiencies in the original Complaint and seek to add new unexhausted claims.  (Doc. 22.)

On August 13, 2024—while Redmond's first Motion to Amend was still pending—Redmond file a Motion for Leave to File a Second Amended Complaint.  (Doc. 23.)  Redmond states that the proposed Second Amended Complaint alleges additional information that was previously not available.  Defendants again oppose Redmond's Motion, arguing that her request to amend her Complaint is futile, as the proposed amendments do not cure the deficiencies identified in their Motion to Dismiss.  (Doc. 25.)

## II. Legal Standards

Federal Rule of Civil Procedure 12(b) allows a defendant to assert various defenses by motion: "(1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19."  Fed. R. Civ. P. 12(b).

2

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." The notice pleading standard of Rule 8(a)(2) requires a plaintiff to give "a short and plain statement ... showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet this standard and to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requirement of facial plausibility means the factual content of the plaintiff's allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). The Court must grant all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010). Ordinarily, the Court considers only the facts alleged in the complaint when ruling on a motion to dismiss; however, materials attached to the complaint may also be considered in construing its sufficiency. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

When ruling on a motion to dismiss, a court "must liberally construe a complaint in favor of the plaintiff." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). However, if a claim fails to allege one of the elements necessary to recover on a legal theory, the Court must dismiss that claim for failure to state a claim upon which relief can be granted. *Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 355 (8th Cir. 2011). Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. "A pleading that

3

merely pleads 'labels and conclusions,' or a 'formulaic recitation' of the elements of a cause of action, or 'naked assertions' devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Although courts must accept all factual allegations as true, they are not bound to take as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 677–78.

The Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the Court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

### III.  DISCUSSION

Defendants argue that the Complaint should be dismissed for three separate reasons: insufficient service of process, failure to state a claim upon which relief can be granted, and failure to exhaust administrative remedies. The Court will discuss these claims in turn.

**A. Service of Process**

As an initial matter, Defendants argue that, although Plaintiff has named several individual Defendants in this action, Title VII does not permit personal liability for individual defendants. Instead, Defendants contend that in a discrimination lawsuit related to employment with the Veterans Affairs, the Secretary of Veterans Affairs is the only proper defendant. As such, Defendants argue that the only proper party in this case is Secretary McDonough. Defendants claim that, because Redmond did not properly serve Secretary McDonough, the Complaint must be dismissed for lack of personal jurisdiction.

4

Title VII does not permit personal liability for individual defendants. *Spencer v. Priley Cnty. Sate Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997). As Defendants argue, the Secretary of Veterans Affairs is the only proper party. *See* 42 U.S.C. § 2000e-16(c) (head of department or agency "shall be the defendant" in Title VII actions against federal government).

Federal Rule of Civil Procedure 4 dictates how a party serves the United States and an agency, such as Veterans Affairs:

> (1) *United States.* To serve the United States, a party must:
>
> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office [and]
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. ...
>
> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i)(1)–(2). Thus, Redmond was required to complete the following service requirements: (1) send a copy of the summons and of the Complaint by registered or certified mail to Secretary McDonough; (2) send via certified mail or deliver a copy of both the summons and of the Complaint to the United States Attorney for the Eastern District of Missouri; and (3) send a copy of each by registered or certified mail to the Attorney General of the United States. *See id.*

The Court agrees that Redmond failed to properly serve Secretary McDonough. First, neither the United States Attorney for the Eastern District of Missouri nor the Attorney General

5

were served.  Second, Redmond improperly mailed the summons issued to Secretary McDonough to John J. Pershing VA in Poplar Bluff, Missouri, rather than Secretary McDonough's office in Washington, D.C.  Thus, she failed to properly serve Secretary McDonough.

The Court, however, disagrees that Redmond's improper service must result in dismissal. "[W]hile a district court may, and indeed should at times, dismiss a cause for want of jurisdiction ascribed to defective service on the United States, or its agency, the district court is not without rather broad discretion in determining the propriety of dismissal ...." *C & L Farms, Inc. v. Fed. Crop Ins. Corp.*, 771 F.2d 407, 409 (8th Cir. 1985) (per curiam); *see also Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976) (per curiam) ("[D]ismissal [is not] invariably required where service is ineffective: under such circumstances, the [district] court has discretion to either dismiss the action, or quash service but retain the case." (citations omitted)).

Often, courts will only dismiss "when the defect is prejudicial to the defendant .... Otherwise, the court will allow an amendment of the process to correct the defect."  5B Alan Wright, Arthur R. Miller & Benjamin Spencer, *Federal Practice and Procedure* § 1353 (4th ed. 2024) (citations omitted).  Here, Defendants allege no prejudice.  *See* doc. 27 at 12–16. Additionally, Redmond has filed two motions to amend her Complaint, which are pending before the Court.  For these reasons and in consideration of Redmond's pro se status, the Court declines to dismiss the Complaint on this basis.

### B. Failure to State a Claim

Defendants next argue that the Complaint should be dismissed for failure to state a claim upon which relief can be granted under Title VII.

6

Title VII prohibits employer discrimination on the basis of "race, color, religion, sex, or national origin." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018).

Here, Redmond unambiguously states that her claim is based on "Title VII of the Civil Rights Act of 1964 (Title VII)." (Doc. 1 at 3.) In her statement of the facts supporting her claim, Redmond alleges that her supervisors gave her double the workload in 2023 compared to the workload in 2022, which caused her medical conditions to worsen. *Id.* at 5. She claims that she was "then denied Reasonable Accommodation" for her "physical and mental disabilities." *Id.* Redmond states that she was "informed that double the workload was reasonable and manageable." *Id.* Redmond alleges that she was "also disrespected by Mr. James Monahan on several occasions." *Id.* She states that her supervisors informed her that her position was not telework eligible, and that she had "heated argument about [her] accommodation request." *Id.* at 7. In her request for relief, Redmond states that she is requesting "300,000 dollars for the discrimination and medical conditions caused and worsened by the willful acts." *Id.* at 5.

Redmond does not allege that she belongs to a protected group under Title VII—that is, one based on race, color, religion, sex, or national origin. Instead, she alleges discrimination solely based on her alleged "physical and mental disabilities." For this reason, Redmond's claim that she was discriminated against and denied reasonable accommodation for her physical and mental disabilities fails to state a claim for which relief can be granted under Title VII.

Similarly, Redmond's allegation that James Monahan "disrespected her" and that she was involved in "heated arguments" with her supervisors, are insufficient to state a cause of action. To establish a hostile work environment claim, a plaintiff must show that: (1) she belongs to a protected group; (2) she was subject to unwelcome harassment; (3) the harassment was based on protected characteristics; and (4) the harassment affected a term, condition, or privilege of

7

employment.  *Carter v. Atrium Hospitality*, 997 F.3d 803, 811 (8th Cir. 2021).  Redmond's vague allegations do not support a plausible hostile work environment claim.

### C. Exhaustion

Defendants argue that, even assuming Redmond properly effectuated service and states a claim upon which relief can be granted, this Court should dismiss the Complaint because Redmond failed to exhaust her administrative remedies.

"Administrative remedies must be exhausted before a federal employee may bring an employment discrimination claim against a federal employer."  *McAlister v. Secretary of Health & Human Servs.,* 900 F.2d 157, 158 (8th Cir. 1990).  For federal employees, the exhaustion of administrative remedies requires compliance with the requirements of 29 C.F.R. § 1614.105(a)(1).  *Burkett v. Glickman,* 327 F.3d 658, 660 (8th Cir. 2003).

The Court has found that Redmond's allegations of disability discrimination fail to state a plausible claim under Title VII.  The Rehabilitation Act is a comprehensive federal program, similar to the Americans with Disabilities Act ("ADA"), meant to ensure that individuals with disabilities would not be denied benefits from or be subjected to discrimination under any program or activity that receives federal funding.  *Argenyi v. Creighton Univ.*, 703 F.3d 441, 448 (8th Cir. 2013).  Title VII and the Rehabilitation Act both require a plaintiff to first exhaust his or her administrative remedies.  *See Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018) (stating that a plaintiff must first exhaust administrative remedies before filing an action under Title VII in federal court); *Frye v. Aspin*, 997 F.2d 426, 428 (8th Cir. 1993) (Rehabilitation Act).  Thus, even if the Court construes Redmond's allegations as a claim under the Rehabilitation Act, she must meet exhaustion requirements.

The first step toward exhaustion is initiating contact with an EEO counselor within forty-five days of the alleged discriminatory conduct. *Burkett,* 327 F.3d at 660 (citing 29 C.F.R. § 1614.105(a)(1)).  "If the matter cannot be resolved informally with the help of the counselor," then the federal employee may "file a formal EEO complaint with the agency." *Id.* (citing 29 C.F.R. § 1614.106).  As a federal agency, Veterans Affairs has a duty to investigate the complaint, provide a hearing, and fulfill other administrative requirements.  29 C.F.R. § 1614.106–110.  Once the agency has taken final action, the employee may appeal the decision to the EEOC, 29 C.F.R. § 1614.110, or alternatively, file a civil action in federal district court, within 90 days of receiving the final agency action.  42 U.S.C.2000e–16(c).  "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice that must be individually addressed before the EEOC." *Voss v. Hous. Auth. of the City of Magnolia, Arkansas*, 917 F.3d 618, 623 (8th Cir. 2019) (internal quotation marks omitted).

Here, informal counseling was conducted as to a complaint filed by Redmond on or about January 22, 2024.[1]  (Doc. 1-3.)  On February 21, 2024, a Notice of Right to File for EEO Complaint ("Notice") was issued to Redmond, informing her that informal counseling was completed and that she had 15 calendar days from receipt of the Notice to file a formal complaint of discrimination.  *Id.* at p. 2.  The Notice attached the Complaint of Employment Discrimination form for her convenience and included instructions on where and how to file it with the Office of Resolution Management, Diversity & Inclusion ("ORMDI").  *Id.* at pp. 7-8.  Rather than file a formal complaint, Redmond filed the instant action on March 1, 2024.

---

[1]The Notice of Right to File for EEO Complaint indicates the informal counseling occurred on January 22, *2023*.  (Doc. 1-3.)  This was presumably a typographical error, as the conduct complained of did not begin until September 28, 2023.  *Id.*

9

In her Response to Defendants' Motion to Dismiss, Redmond admits that she received the Notice but did not file a formal complaint because the "Office of General Counsel OGC guides discrimination and influences discrimination cases, and the plaintiff knows she will not get a fair hearing or decision." (Doc. 18 at 2.)

Based on Redmond's own admission, she failed to exhaust her administrative remedies by choosing not to file a formal EEO complaint. "Failure to exhaust administrative remedies bars a federal employee plaintiff from raising employment discrimination claims in federal court." *Johnson v. Robert McDonald Sec'y Dep't of Veterans Affair,* No. 4:15-CV-1869 CAS, 2016 WL 3997072, at *2 (E.D. Mo. July 26, 2016). Thus, Redmond's discrimination claim must be dismissed.

### IV.    Redmond's Motions to Amend

Redmond has filed two separate motions to amend her Complaint since the filing of Defendants' Motion to Dismiss. (Docs. 19, 23.) Defendants oppose the motions, arguing that the amendments would be futile, as they do not cure the deficiencies set out in their Motion to Dismiss. The undersigned agrees.

The Court must "freely give leave to a party to amend its pleadings when justice so requires," Fed. R. Civ. P. 15(a), but it may properly deny a motion to amend when such amendment would be futile. *Popoalii v. Corr. Med. Services*, 512 F.3d 488, 497 (8th Cir. 2008). Amendment is futile if the proposed amended complaint fails to state a claim under the traditional Rule 12(b)(6) standard. *Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018).

Redmond's proposed amendments are futile.  In her first Motion to Amend, Redmond states that "new facts" have been discovered since the filing of the original Complaint.  (Doc. 20 at 1.)  She indicates that email chains from December 20, 2023, and December 13, 2023 "show factual evidence that the incident is ongoing after the original complaint." *Id.* at 2.  Redmond did not attempt to resolve any of the deficiencies discussed above, namely the deficient service of process, failure to allege a protected class under Title VII, or her failure to administratively exhaust her claim.

In her second Motion to Amend, Redmond again states that she seeks to add new evidence that was not available at the time she filed the Complaint.  She refers to an email that represents "factual evidence that the plaintiff attempted to file workmen's compensation," and that she was "not aware that her civil rights to due process were violated until July 19, 2024, after the complaint was filed." (Doc. 24 at 2.)  These additional facts are not, however, supportive of a Title VII discrimination claim.  The proposed Second Amended Complaint also seeks to add claims against Rebecca Wertenberger in her individual capacity.   As discussed above, Title XII does not permit personal liability for individual defendants.  *Spencer*, 123 F.3d at 691-92.

As the Court previously explained, Redmond has not effectuated service on the only proper defendant in this matter:  Secretary McDonough.  The Complaint fails to state a claim upon which relief can be granted under Title VII.  Further, even if the Court construes Redmond's claim as a disability discrimination claim under the Rehabilitation Act, she has failed to exhaust her administrative remedies as to this claim.  Accordingly, permitting amendment of her Complaint as requested would not rescue Redmond's claims from dismissal.  Thus, the Court will deny Redmond's Motions to Amend and dismiss the Complaint.

11

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 14) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Amend (Docs. 19, 23) are **denied**.

      s/*Abbie Crites-Leoni*
      ABBIE CRITES-LEONI
      UNITED STATES MAGISTRATE JUDGE

Dated this 17th day of October, 2024.