UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JUDY ARLENE REDMOND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| ) | Case No. 1:24CV38 ACL |
| PAUL HOPKINS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This closed action is before the Court on *pro se* Plaintiff Judy Redmond's Motion for Reconsideration. (Doc. 29.) Also pending is Plaintiff's "Motion to Docket and for Public Access." (Doc. 31.)

**I.    Background**

Plaintiff filed her Complaint under Title VII of the Civil Rights Act of 1964 ("Title VII") against Denis McDonough, Secretary of Veterans Affairs ("Secretary McDonough"); Paul Hopkins; Rebecca Wertenberger; James Monahan; Jeffery Serrano; and Wanda Newton. (Doc. 1.) Redmond alleged that she was denied reasonable accommodations for her physical and mental disabilities during her employment as a purchasing agent for the United States Veterans Affairs.

In a Memorandum and Order dated October 17, 2024, the Court granted Defendants' Motion to Dismiss, finding Plaintiff's Complaint failed to state a claim upon which relief could be granted under Title VII, and Plaintiff failed to exhaust her administrative remedies as to a claim under the Rehabilitation Act. (Doc. 28.) The Court denied Plaintiff's requests to amend her Complaint as futile. *Id.*

1

Plaintiff now requests that the Court reconsider its decision dismissing her Complaint. She argues that she has not yet been issued a Final Agency Decision in connection with her underlying administrative complaint, and that significant new evidence has been received subsequent to the Court's dismissal of her claims. Plaintiff has also filed a Motion to Docket and make publicly available the Court's order dismissing her Complaint, "and all related filings in the above-captioned matter." (Doc. 31 at 1.) Defendant opposes both Motions.

## II.    Legal Standards

Under Rule 59(e), a party may file "[a] motion to alter or amend a judgment ... no later than 28 days after the entry of judgment." "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). The Eighth Circuit "has consistently held that Rule 59(e) motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments [that] could have been offered or raised prior to the entry of judgment." *Id.* at 934 (citations omitted).

Under Rule 60(b), "[o]n motion and just terms, the [C]ourt may relieve a party...from a final judgment" in certain circumstances. Fed. R. Civ. P. 60(b). Those circumstances include, among others, "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial..." Fed. R. Civ. P. 60(b)(2). "Rule 60(b) authorizes relief in only the most exceptional of cases." *Noah v. Bond Cold Storage*, 408 F.3d 1043, 1045 (8th Cir. 2005) (quoting *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec. Corp.*, 293 F.3d 409, 415 (8th Cir. 2002)).

### III. DISCUSSION

Upon review of the record and plaintiff's motion, the Court finds plaintiff is not entitled to relief under Rule 59(e) or Rule 60(b).

**Rule 59 (e)**

Under Rule 59(e), Plaintiff was required to file her Motion "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The undersigned issued its Memorandum and Order dismissing Plaintiff's Complaint on October 17, 2024. (Doc. 28.) Plaintiff's Motion was due no later than November 14, 2024. Because Plaintiff did not file her Motion until June 27, 2025, it is untimely.

**Rule 60 (b)**

"A Rule 60(b) motion permits consideration only of facts which were in existence at the time of the action being reconsidered." *Strategic Energy Concepts, LLC v. Otoka Energy*, 120 F.4th 1339, 1345 (8th Cir. 2024) (citations and quotations omitted). This means that "[t]here can be no Rule 60(b)(2) relief for evidence which has only come into existence after the trial is over, for the obvious reason that to allow such a procedure could mean the perpetual continuation of all trials." *N.L.R.B. v. Jacob E. Decker and Sons*, 569 F.2d 357, 364 (5th Cir. 1978) (citations and quotations omitted).

Plaintiff seeks reconsideration based on evidence "dated between March 2025 and early 2025." (Doc. 29 at 3-4.) She describes this evidence as including the following: (1) a March 28, 2025 email [Doc. 29-1]; (2) a Report of Investigation [not filed]; (3) an April 17, 2025, Referral of Complaint for Final Agency Decision [Doc. 29-2]; (4) an April 17, 2025, Notice of Advisement of Rights [Doc. 29-3]; and a February 7, 2025, Notice of Receipt of "Mixed Case" Discrimination Complaint [Doc. 29-4]. *Id.* at 4.

3

Because all of the evidence Plaintiff cites only came into existence after the undersigned's October 17, 2024 decision, she is not entitled to relief under Rule 60(b). Additionally, Plaintiff fails to explain how the newly discovered evidence would produce a different result. The Court dismissed Plaintiff's Complaint, in part, because she failed to exhaust her administrative remedies. In her Motion, Plaintiff admits that the undersigned dismissed her Complaint "while the administrative proceedings were still pending and before the issuance of a FAD [Final Agency Decision]." (Doc. 28 at 5.) Thus, Plaintiff's Motion to Reconsider will be denied.

As noted above, Plaintiff has also filed a Motion to Docket and make publicly available the Court's decision dismissing her Complaint, "and all related filings in the above-captioned matter." (Doc. 31 at 1.) Because the October 17, 2024 Memorandum and Order dismissing Plaintiff's Complaint, as well as all other filings in this matter have been docketed and are publicly available, this Motion will be found moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 29) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Docket and for Public Access" (Doc. 31) is **found moot**.

/s/ *Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of January, 2026.

4